SAVOY, Judge.
Mrs. Irma Broussard, a resident of Cal-casieu Parish, Louisiana, brought this suit for $5,100.00 as beneficiary under an insurance policy issued by the Prudential Life & Casualty Company on October 15, 1962, to her husband, Frank Broussard, while they were residing in Winnie, Texas. Mrs. Broussard alleged she was entitled to $100.00 for the week her husband was hospitalized for injuries he sustained in an automobile accident on May 7, 1967, near Winnie, Texas, and that she was entitled to $5,000.00 because of her husband’s death on May 13, 1967, resulting from his injuries in the automobile accident. She then alleged that defendant had acquired the Prudential Life & Casualty Company, its policies and its obligations.
Defendant filed exceptions to the jurisdiction ratione personae and ratione materiae (which were later abandoned) and an exception of improper venue, contending that this suit was one on a health and accident insurance policy, and thus under the express provisions of Article 76 of the Louisiana Code of Civil Procedure could only be brought in the parish where the insured is domiciled or in the parish where the accident or illness occurred. Plaintiff, on the other hand, contended the suit was one on a life insurance policy and under Article 76 of the Louisiana Code of Civil Procedure could be brought in the parish where the deceased died, the parish in which he was domiciled, or in the parish where any beneficiary is domiciled.
After a hearing on the exception of improper venue the trial judge maintained the exception and dismissed plaintiff’s suit at her costs. Plaintiff has appealed.
We are of the opinion that the trial judge correctly maintained the exception filed by the defendant of improper venue for the reasons set forth in his written opinion, from which we quote in part:
“A copy of the policy sued upon was filed in evidence at the hearing of these exceptions. The policy is designated as ‘The Family Hospital Policy.’ The particular designation of the policy is not important, but it then states that it ‘provides benefits for loss of life from specified accidents and for other expenses resulting from accidental bodily injury and sickness, to the extent herein limited and provided and is renewable at the option of the Company only.’ Further examination of the *728 policy reveals that it insures against loss resulting from accidental bodily injury and against loss resulting from sickness. The policy contains hospital confinement benefits resulting from accidental bodily injury. An accidental death benefit of $5,000.00 is provided if the death results from accidental bodily injury while driving or riding within any automobile, truck or bus, within certain limited periods of time. It would appear, therefore, that benefts claimed under the policy are such as result from accidental bodily injury and death resulting therefrom, with the death benefit provision limited to an accident while driving or riding within a particular type of vehicle as set forth in the policy.
“It is urged by plaintiff’s attorney that this is an action on a life insurance policy, as the policy provides for the payment of a sum for the death of the insured under certain circumstances.
“Insurance is classified and defined under R.S. 22:6, and there it appears that life insurance is referred to as insurance on human lives and insurances appertaining thereto or connected therewith. The definition states that, for the purposes of the insurance code, the transacting of life insurance includes the granting of annuities or survivorship benefits; additional benefits in the event of death by accident; additional benefits in event of the total and permanent disability of the insured; and optional modes of settlement proceeds. From that definition, it would appear that a life insurance policy primarily is one insuring the life of the insured, although ‘additional benefits’ may be provided in such policy for death by accident and for total and permanent disability of the insured. R.S. 22:6 then classifies health and accident insurance as insurance against bodily injury, disablement or death by accident and against disablement resulting from sickness and every insurance appertaining thereto. Reading the two definitions together, both of which may provide for benefits in the event of death by accident, and applying those definitions to the provisions of the policy sued upon in this case, the Court concludes that the policy sued upon is a health and accident insurance policy. Under Article 76 of the Code of Civil Procedure, action on this policy, under the facts alleged, is permitted only in the parish where the insured is domiciled, or in the parish where the accident or illness occurred, and Cal-casieu Parish is an improper venue for this action.”
For the foregoing reasons, the judgment of the trial court sustaining the defendant’s exception of improper venue is affirmed at plaintiff’s costs.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.